IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT W. RHODES, III <br> MARY H. RHODES | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 1:06-cv-01840 EGS |
| UNITED STATES | ) <br> ) <br> ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. As grounds for this motion, the United States asserts that Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: December 22, 2006

                                                        Respectfully submitted,

                                                        /s/ Nicole M. Stoduto
                                                      NICOLE M. STODUTO
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Post Office Box 227
                                                      Washington, D.C. 20044
                                                      Telephone: (202) 616-9785
                                                      Facsimile: (202) 514-6966
                                                      Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2117754.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. RHODES, III<br>MARY H. RHODES<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 1:06-cv-01840 EGS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information. Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiffs' unauthorized disclosure claim relates to notices of federal tax lien filed by the Service. Can Plaintiffs recover under 26 U.S.C. § 7431 when their claim is based on a collection action?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1). Plaintiffs have failed to meet their burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Internal Revenue Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing the notices of federal tax lien?

## STATEMENT OF FACTS

1. <u>Introduction</u>

On or about October 25, 2006, Plaintiffs, acting *pro se*, filed their complaint. Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Compl. ¶ 1.)

2. <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiffs argue that they are the subject of ongoing, unauthorized collection action by the Service, and that on or about June 12, 2006, Service agents caused notices of federal tax liens to be recorded with the "Franklin County Prothonotary, in Franklin County, Pennsylvania, and the Clerk of the Circuit Court, in Washington County,

Maryland.  (Id. ¶¶ 4, 5.)  Plaintiffs allege that each "purported" notice of federal tax lien wrongfully discloses tax return information, and that those disclosure have caused Plaintiffs substantial mental and emotional distress and subjected them to the possibility of identity theft.  (Id. ¶¶ 6, 7, 8.)

Plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

3.  The prior action under section 7433

Plaintiffs have previously filed a complaint against the United States under the authority of 26 U.S.C. § 7433 (hereinafter Plaintiffs' Section 7433 complaint).[1]  (Compl., Rhodes v. United States, No. 1:06-cv-01483 (D.D.C. filed Aug. 21, 2006).)  Plaintiffs' Section 7433 complaint alleged a variety of forms of misconduct by the Service.  (Id.) Plaintiffs' Section 7433 complaint included an allegation that the Service, "unlawfully disclosed return information - by filing notice(s) of lien(s) in stated amounts for which no record of assessment exists." (Id. at 18.)

The United States filed a motion to dismiss on October 24, 2006.  That action is currently pending before District Judge Emmet G. Sullivan.

---

[1]  The United States asks that the Court take judicial notice of the information contained in Plaintiffs' previous filing in Rhodes v. United States, No. 1:06-cv-01483 (D.D.C.).  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the complaint.  See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations closer scrutiny than would be required for a rule 12(b)(6) motion because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

**II. Section 7433 Is Plaintiffs' Exclusive Remedy**

Plaintiffs' section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection. <u>Id</u>. Congress provided only one exception to section 7433's exclusivity, and that is section 7432. <u>Id</u>.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. Cf. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the

purview of section 7433, Congress would have included section 7431 as an exception along with section 7432. Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business. Id. Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).  The Court has recently affirmed the holding in Shwarz and the exclusivity of section 7433.  Jimmie D. Ross v. United States, 2006 WL 3250831, mem. op. at 15 (D.D.C. Nov. 10, 2006).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities.  Plaintiffs' unauthorized disclosure claim relates to notices of federal tax lien filed with the prothonotary of Franklin County, Pennsylvania and the clerk of the circuit court in Washington County, Maryland.  Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities.  See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (noting that filing notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress did not intend to allow a taxpayer to

receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III. Plaintiffs' Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiffs had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies. Therefore, Plaintiffs have not adequately met their burden in alleging that the United States has unequivocally

waived its sovereign immunity. Because Plaintiffs have not met their burden in proving exhaustion of administrative remedies, this Court does not have jurisdiction over their claim and should dismiss the complaint.[2]

### IV. Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. Section 7433 protects taxpayers from negligent or intentional violations of section 6103, inter alia, in the collection process. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California

---

[2] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare, e.g., Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1) or in the alternative, 12(b)(6).

v. Internal Revenue Service, 484 U.S. 9, 10 (1987).  The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure. Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any *** collection activity *** disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available *** with respect to the enforcement of any other provisions in this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6).[3]

Section 301.6103(k)(6)-1(b) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
>> (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

26 C.F.R. § 301.6103(k)(6)-1T(a)(vi) (2003); see also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien).  Section 6103(k)(6) and the

---

[3] Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).

pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." <u>Elias v. United States</u>, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), <u>aff'd mem.</u>, 974 F.2d 1341 (9th Cir. 1992); <u>see also</u>, <u>Long v. United States</u>, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); <u>Mann v. United States</u>, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); <u>William E. Schrambling Accountancy Corp. v. United States</u>, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")

In the instant case, it cannot be disputed that the notices of federal tax lien were filed in connection with the official duties of the Service in attempting to collect the Plaintiffs' tax liabilities.  Had the information not have been disclosed, creditors of the Plaintiffs would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien...is to place the public on notice of the lien."  <u>William E. Schrambling Accountancy Corp. v. United States</u>, 397 F.2d 1485, 1489 (9th Cir. 1991).  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433, and therefore the complaint should be dismissed. In the alternative, Plaintiffs' claim should be dismissed because of their failure to exhaust administrative remedies under the Internal Revenue Code. In the alternative, there has been no violation of section 6103, and therefore the complaint should be dismissed.

DATE: December 22, 2006

                                Respectfully submitted,

                                /s/ Nicole M. Stoduto
                              NICOLE M. STODUTO
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 227
                              Washington, D.C. 20044
                              Telephone: (202) 616-9785
                              Facsimile: (202) 514-6866
                              Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT W. RHODES, III  )
MARY H. RHODES )
)
    Plaintiffs, )
)
v. )    No. 1:06-cv-01840 EGS
)
UNITED STATES )
)
    Defendant. )

## NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are identical to that filed in this matter:

1. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-01580 RBW

2. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-cv-01495 RBW

3. Bruce R. Travis v. United States, Civil No. 1:06-01584 RCL

4. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-01617 PLF

5. Roy A. Watson v. United States, Civil No. 1:06-cv-01594 RCL

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-01525 RMU

7. Laverne & Wilma Koerner v. United States, Civil No. 1:06-cv-01633 EGS

8. Paul B. Evans v. United States, Civil No. 1:06-cv-01713 DB

9. Jimmie D. & Pamela A. Ross v. United States, 1:06-cv-1774 HHK

10. Lee F. Garvin v. United States, Civil No. 1:06-cv-01735 RBW

11. Eleanor M. Glass v. United States, Civil No. 1:06-cv-01619 ESH

12. Jack D. Thrasher v. United States, Civil No. 1:06-cv-01623 GK

13. James T. O'Connor v. United States, Civil No. 1:06-cv-01891 HHK

14. Stephen J. & Patricia Lindsey v. United States, Civil No. 1:06-cv-01409 RBW

15. Robert Powell v. United States, 1:06-cv-1860 RJL

Indeed, not only are the complaints in these cases nearly identical, but some of the plaintiffs listed above have also filed previous complaints alleging unlawful disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: December 22, 2006

                Respectfully submitted,

                /s/ Nicole M. Stoduto
                NICOLE M. STODUTO
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, D.C. 20044
                Telephone: (202) 616-9785
                Facsimile: (202) 514-6966
                Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT W. RHODES, III<br>MARY H. RHODES | )<br>)<br>) | |
|     Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:06-cv-01840 EGS |
| UNITED STATES | )<br>)<br>) | |
|     Defendant. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss, memorandum in support thereof, and any oppositions and replies thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiffs' complaint be and is DISMISSED WITH PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C.  20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

ROBERT W. RHODES, III
Plaintiff *pro se*
P.O. Box 1255
Hagerstown, Maryland  21740

MARY H. RHODES
Plaintiff *pro se*
P.O. Box 1255
Hagerstown, Maryland  21740

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT W. RHODES, III  
MARY H. RHODES                )
                              )
      Plaintiffs,          )
                              )
  v.                          )   No. 1:06-cv-01840 EGS
                              )
UNITED STATES                 )
                              )
      Defendant.           )

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, MEMORANDUM, proposed ORDER, and NOTICE OF RELATED CASES were caused to be served upon Plaintiffs *pro se* on the 22th day of December, 2006, by depositing copies in the United States' mail, postage prepaid, addressed as follows:

  Robert W. Rhodes, III  
  Plaintiff *pro se*  
  P.O. Box 1255  
  Hagerstown, Maryland  21740

  and

  Mary H. Rhodes  
  Plaintiff *pro se*  
  P.O. Box 1255  
  Hagerstown, Maryland  21740.

                                            /s/ Nicole M. Stoduto  
                                            NICOLE M. STODUTO