IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT W. RHODES, III | ) | |
| MARY H. RHODES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-01840 EGS |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO
UNITED STATES' MOTION TO DISMISS**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information.

STATEMENT

On December 22, 2006, the United States filed a motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On February 26, 2007, Plaintiffs filed a response to the United States' motion to dismiss and a memorandum in support of the response.

In their response, Plaintiffs allege that the United States is attempting to treat Plaintiffs' complaint, "as though it is a collection action" and that the United States is using 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431. Plaintiffs also suggest that the United States is inappropriately citing William E. Schrambling Accountancy Corp.

2271991.1

v. United States, 937 F.2d 1485 (9th Cir. 1991).  Finnally, Plaintiffs state that neither section 7431 or section 7433 address the legitimacy or validity of the underlying collection activity.

ARGUMENT

### I. The Filing of Notices of Federal Tax Liens Is a Collection Activity

The filing of notices of federal tax liens is a collection activity.  Opdahl v. United States, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption.  The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted).

Contrary to Plaintiffs' contention, the notice of federal tax lien filed in connection with the official duties of the Service in attempting to collect Plaintiffs' tax liabilities constitutes a collection activity.

### II. Although Section 7433 and Section 7431 Coexist, Plaintiffs' Only Possible Avenue of Recourse Is Section 7433.

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions.  Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection

- 2 -

2271991.1

activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred with the holding in Shwarz and dismissed a complaint nearly identical to that of Plaintiffs. Koerner v. United States, __ F. Supp. 2d __, 2007 WL 159716, at *3 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

Contrary to Plaintiffs' contention, the United States is not arguing that section 7433 repealed section 7431 nor is it arguing that the two sections do not coexist. Rather, it is the position of the United States that Plaintiffs' remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433.

### III. The United States Cites the Holding in Schrambling Correctly

The United States disagrees with Plaintiffs' suggestion that it is inappropriately citing William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485 (9th Cir. 1991). Section 7431 and section 7433 provide civil damages when there is a negligent or willful violation of section 6103. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. In Schrambling one of the issues before the court was whether information included in notices of federal tax lien was confidential within the meaning of 26 U.S.C. § 6103 or if upon filing the federal tax lien with the county recorder, the information it contained

was no longer confidential and could be disclosed again without regard to section 6103. Id. at 1486, 1489.

The issue in the instant matter is obviously not identical to those faced by the Ninth Circuit in Schrambling. However, the Ninth Circuit held that the recording of a federal tax lien in the county recorder's office places information in the federal tax liens in the public domain and stated that the disclosure of information by recording the federal tax lien was provided for statutorily. Id. at 1488, 1490.

### IV. Neither Section 7433 or Section 7431 Address the Validity of the Lien

The United States agrees with Plaintiffs that neither section 7433 or section 7431 address the underlying assessments and the validity of the lien. "[W]hether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias v. United States, 1990 WL 264722, at *5; accord, Mann v. United States, 204 F.3d at 1020 ("We … agree with *** the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply

to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd, 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd, 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd, 849 F.2d 604 (4th Cir. 1988); cf., 26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).

## V.  Plaintiffs' Arguments in their "Memorandum in Support of Response to Motion to Dismiss" Are Irrelevant

Along with Plaintiffs' response to the United States' motion to dismiss, Plaintiffs filed a twenty - five page "Memorandum in Support of Response to Motion to Dismiss." It appears that this document is in response to the United States' motion to dismiss filed in the matter of Rhodes v. United States, 1:06-cv-1483 EGS (D.D.C. filed Aug. 21, 2006).

Inasmuch as the memorandum pertains to another case pending before the Court and discusses issues not pertinent here, the United States does not offer a reply.

//
//
//
//

CONCLUSION

For the above stated reasons, the United States' motion to dismiss should be granted.

DATE: March 5, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT W. RHODES, III<br>MARY H. RHODES | )<br>)<br>) | |
|       Plaintiffs, | )<br>) | |
|       v. | )<br>) | No. 1:06-cv-01840 EGS |
| UNITED STATES | )<br>)<br>) | |
|       Defendant. | ) | |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing REPLY TO PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon Plaintiffs *pro se* on the 5th day of March, 2007, by depositing copies in the United States' mail, postage prepaid, addressed as follows:

    Robert W. Rhodes, III
    Plaintiff *pro se*
    P.O. Box 1255
    Hagerstown, Maryland  21740

    and

    Mary H. Rhodes
    Plaintiff *pro se*
    P.O. Box 1255
    Hagerstown, Maryland  21740.

                                        /s/ Nicole M. Stoduto
                                        NICOLE M. STODUTO