**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ROBERT W. RHODES, III and      )
MARY H. RHODES,                )
                               )
            Plaintiffs,        )
                               )
      v.                       ) Civil Action No. 06-1840 (EGS)
                               )
UNITED STATES,                 )
                               )
            Defendant.         )
_____)
```

**MEMORANDUM OPINION**

Plaintiffs Robert and Mary Rhodes, proceeding *pro se,* filed the instant action against the United States alleging misconduct by the United States Internal Revenue Service ("IRS") in the collection of taxes. This case is one of a large number of virtually identical taxpayer lawsuits recently filed by putative *pro se* litigants in an apparent attempt to flood the federal courts with various boilerplate challenges to actions of the IRS. *See Lindsey v. United States,* 448 F.Supp 2d 37, 41 n.3 (D.D.C. 2006) (providing a representative sample of case citations); *see also Goodwin v. United States,* Civ. No. 06-1771(RJL), 2007 WL 1601722, at *1 (D.D.C. June 4, 2007) (stating that "[the][p]laintiffs' complaint is one of many nearly identical, boilerplate complaints filed in our Court by *pro se* plaintiffs under the Taxpayers Bill of Rights"); *Placke v. United States,* Civ. No. 06-26(JR), 2007 WL 537724, at *1 n.1 (D.D.C. Feb. 16, 2007) (stating that "[t]his case is one of more than seventy cases in which *pro se* plaintiffs have filed complaints in this Court ... [which], while not

identical ..., are virtually indistinguishable [from each other], and presumably incited, or aided and abetted, by templates found on the Internet.")

Pending before the Court is defendant's Motion to Dismiss Complaint. Upon consideration of the motion, the response and reply thereto, and the applicable law, the Court **GRANTS** defendant's motion to dismiss.

## I.  Background

Here, plaintiffs bring suit under 26 U.S.C. § 7431 (2000), seeking damages for the allegedly "intentional and/or negligent unlawful disclosure of confidential [tax] return information by R. A. Mitchell, Dennis Zmudzin, and other unknown agents (herein agent(s)) of the Internal Revenue Service" in connection with notices of federal tax liens filed by the IRS with various county recorders and registers of deeds. *See* Rhodes Compl. ¶¶ 1, 4-5 (filed October 25, 2006). The defendant moves to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the Court lacks subject-matter jurisdiction over the plaintiffs' complaint and that the plaintiffs have failed to state a claim upon which relief can be granted.

## II. Standard of Review

### A.  Rule 12(b)(1)

A party seeking adjudication of an action in federal court bears the burden of showing that the court has subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "[I]n passing on a motion to dismiss, whether on the

ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials outside the pleadings to determine whether it has jurisdiction. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp 2d 138, 142 (D.D.C. 2005).

    B.   **Rule 12(b)(6)**

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 127 S. Ct 2197, 2200 (June 4, 2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged," *Trudeau v. FTC,* 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965 (internal quotation marks and

brackets omitted). Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as ... factual allegation[s]." *Trudeau,* 456 F.3d at 193 (internal quotation marks and citations omitted). In evaluating a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-25 (D.C. Cir. 1997).

   C.   **Pro Se Litigants**

Finally, the pleadings of *pro se* parties "[are] to be liberally construed, and a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted). Nonetheless, "[a]lthough a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche,* 215 F.Supp.2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland,* 665 F.2d 1305, 1308 (D.C. Cir. 1981)); *see McNeil v. United States,* 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted as to [wholly] excuse mistakes by those who proceed without counsel") (footnote omitted).

**III. ANALYSIS**

Because other members of this Court have examined identical

claims in detail and concluded without exception that the plaintiffs' section 7431 claims lack merit and must be dismissed, this Court need not reiterate at any great length the multiple reasons why plaintiffs' legal arguments clearly fail. *See Radcliffe v. United States,* Civ. No. 06-1858(RJL), 2007 WL 1141580 (D.D.C. Apr. 17, 2007) (dismissing section 7431 action for lack of subject-matter jurisdiction); *Powell v. United States,* Civ. No. 06-1860(RJL), 478 F.Supp 2d 66 (D.D.C. Mar. 21, 2007) (same); *Koerner v. United States,* Civ. No. 06-1633(ESH), 471 F.Supp 2d 125 (D.D.C. Jan. 23, 2007) (same); *see also Glass v. United States,* Civ. No. 06-1619(ESH), 480 F.Supp 2d 162 (D.D.C. Mar. 27, 2007) (dismissing section 7431 action for failure to state a claim upon which relief can be granted); *Evans v. United States,* Civ. No. 06-1713(JDB), 478 F.Supp 2d 68 (D.D.C. Mar. 21, 2007) (same); *Martin v. United States,* 06-1624(JDB), 2007 WL 891666 (D.D.C. Mar. 21, 2007) (same).

Accordingly, for the reasons articulated in, *inter alia, Glass* and *Evans,* the Court holds that (1) "the exclusivity provision of [26 U.S.C. § 7433 (2000)] bars a section 7431 suit for unauthorized disclosure of return information when the alleged disclosure occurs in connection with a tax collection activity." *Glass,* 480 F.Supp 2d at 164 (quoting *Schwarz v. United States,* 234 F.3d 428, 432 (9th Cir. 2000)) (internal quotation marks omitted); (2) "[t]he filing of a notice of lien is patently a tax collection activity," *id.* at 165 (citations omitted); *see also Opdahl v. United States,* Civ. No. 98-262(TPJ), 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) (observing

that "[f]ederal courts have held that disclosure of return information in notices of levy is necessary to the [tax] collection activity") (citing *Farr v. United States,* 990 F.2d 451, 455 (9th Cir. 1993), and *Long v. United States,* 972 F.2d 1174, 1180 (10th Cir. 1993)) (internal quotation marks omitted); and therefore (3) the plaintiffs "do[ ] not have a right of action under [§ 7431] because [they] seek[ ] damages for IRS disclosures that were made in connection with tax collection activity," *Evans,* 478 F.Supp 2d at 72.

Moreover, this Court agrees fully with the *Glass* Court's position that because " section 7431 provides civil damages [only] when there is a negligent or willful violation of [26 U.S.C. § 6103 (2000)]." *Glass,* 480 F.Supp 2d at 165. Because there is no violation of § 6103 when "an internal revenue officer or employee ... disclose[s][tax] return information to the extent that such disclosure is necessary," *id.* (quoting 26 U.S.C. § 6103(k)(6)) (internal quotation marks omitted), then the plaintiffs' complaints must be dismissed even if their section 7431 claims were not barred by § 7433 and were considered on their merits, given that "[t]he limited information concerning [the plaintiffs'] tax deficiencies included in the notice of lien ... was necessary to the collection activity and did not violate [§ 7431]." *Id.* at 166 (internal quotation marks and citation omitted). *See* 26 C.F.R. § 301.603(k)(6)-1(a)(vi) (2007) (permitting disclosure of information under § 6103 where necessary "to locate assets in which the taxpayer has an interest ... or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets"); *see also, e.g., Mann v. United States,*

204 F.3d 1012, 1018 (10th Cir. 2000) (holding that " § 6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien and levy, to the extent necessary to collect on taxes assessed") (footnote omitted).

Finally, because plaintiffs make no representations that they have exhausted their respective administrative remedies, "[i]t would be futile for the Court to construe [their claims] as [claims] for damages under § 7433." *Glass,* 480 F.Supp 2d at 165 n.1.  Although exhaustion of administrative remedies before bringing a claim under § 7433 "is not a *jurisdictional* requirement." *Id.* (citations omitted) (emphasis in original); *see also Lindsey,* 448 F.Supp 2d at 52 (concluding that "the section of the Internal Revenue Code governing claims for damages based on actions of the IRS, 26 U.S.C. § 7433, does not make the exhaustion of administrative remedies a jurisdictional prerequisite to bringing suit in federal court"), the plaintiffs' apparent "failure to exhaust is nevertheless fatal under Rule 12(b)(6)."  *Glass,* 480 F.Supp 2d at 165 n.1 (citations omitted); *see also Ross v. United States,* 460 F.Supp 2d 139, 146 (D.D.C.2006) (stating that "[e]xhaustion remains a requirement for maintaining a suit for damages under [§] 7433, and failure to satisfy the requirement will result in dismissal for failure to state a claim") (citations omitted).

**IV.    CONCLUSION**

    For the foregoing reasons, the Court **GRANTS** the defendant's motion to dismiss.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**   **Emmet G. Sullivan**
            **United States District Judge**
            **October 31, 2007**